IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,867-01






EX PARTE DONALD EDWARD BERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1168014 IN THE 177TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to fifteen years' imprisonment. He did not appeal his conviction. 

 Applicant filed a pro-se application for a writ of habeas corpus on February 18, 2011,
alleging that trial counsel did not perfect appeal. Shortly thereafter, the trial court appointed habeas
counsel to represent Applicant. Habeas counsel then amended Applicant's writ application by filing
a supplemental application on January 30, 2012, contending in two grounds that Applicant's guilty
plea was involuntary due to ineffective assistance of counsel. Habeas counsel then filed motions to
dismiss the writ application and to withdraw as counsel, both of which were granted by the trial
court. None of habeas counsel's motions contain Applicant's signature, but the motion to dismiss
the writ application states that Applicant gave "express permission." 

 After the habeas record was forwarded to this Court, Applicant sent a request to this Court,
alleging that he has never seen the supplemental writ application filed by counsel and requesting that
the proceedings be stayed for him to review the writ application to make an informed decision as to
how to proceed. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law addressing Applicant's
wishes as to how to proceed with the writ applications. The trial court shall make specific findings
as to whether Applicant wishes to dismiss either the February 2011 application, the January 2012
supplement, or both. If applicant wishes to proceed, the trial court shall make findings of fact and
conclusions of law addressing the grounds he chooses to pursue. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of the applications and, if necessary, Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 22, 2012

Do not publish